POOLE, Circuit Judge:
 

 I.
 

 Appellee James Clinton Adrian was indicted on December 19, 1990, for conspiracy and possession with intent to distribute marijuana. On August 20, 1991, prior to jury selection, the government sought permission to introduce evidence during its case in chief that Adrian had previously been convicted in Arizona for possession of cocaine. The court initially ruled that the evidence could be introduced with a limiting instruction. Following impanelment of a jury, the government moved
 
 in limine
 
 for permission to introduce evidence that Adrian had a federal conviction for conspiracy to distribute cocaine. The district court expressed concern that it had erred in its prior ruling that the state court conviction would be admissible, and withheld a ruling on both convictions. A mistrial was declared on August 22, 1991, and trial was reset for October 15, 1991.
 

 The government filed a motion on September 4, 1991, seeking to have the district court reconsider the request to use Adrian’s prior convictions in the case in chief. A hearing was held on the motion, and the district court subsequently denied the request. The court reasoned that evidence of appellant’s two prior convictions tended only to prove a criminal disposition, and consequently found that any probative value was “vastly outweighed by the almost certainty of prejudice.”
 

 On September 27, 1991, the government filed a timely notice of appeal with this court, and certified to the district court that it was appealing the order excluding evidence, that the appeal was not taken for purposes of delay, and that the evidence excluded was “substantial proof of a material fact in the proceedings.” The government moved at the same time to stay proceedings pending appeal, and a hearing was held on that motion. On October 10, 1991, the district court denied the motion for stay, finding that the evidence suppressed was not substantial proof of a fact material to the government’s case. The court ordered the indictment dismissed
 
 *489
 
 without prejudice in order to “best protect] the government’s right to appeal.” The government filed a timely notice of appeal from the order denying the Motion to Stay Proceedings. We vacate the order dismissing the appeal, and remand for reconsideration of the government’s motion to introduce the evidence.
 

 II.
 

 Before reaching the merits of the case, we must address Adrian’s claim that the appeal is moot. The second notice of appeal filed by the government advised that:
 

 the United States of America ... appeals to the United States Court of Appeals for the Ninth Circuit from the order denying the Plaintiff’s September 27, 1991 Motion to Stay Proceedings Pending Interlocutory Appeal to the Ninth Circuit Court of Appeals, entered in this action on October 10, 1991.
 

 Adrian argues that because the government described the order in this manner, it was only appealing from the district court’s denial of the Motion to Stay Proceedings, and not from the dismissal of the indictment. Adrian thus concludes that the government’s appeal has been mooted by the dismissal. We disagree, however, with his reading of the government’s notice of appeal. The Federal Rules of Appellate Procedure require that:
 

 The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken.
 

 Fed.R.App.P. 3(c). The order specified by the government as the subject of its appeal was the order dismissing the case without prejudice. Thus, the government provided adequate notice under Federal Rule of Appellate Procedure 3(c) that it was appealing from the order dismissing the case. Even if the government failed to explicitly note that it intended to appeal from that part of the order dismissing the indictment, however, we have held that such a mistake “does not bar an appeal if the intent to appeal a specific judgment can be inferred and the appellee is not prejudiced or misled by the mistake.”
 
 United States v. Shin,
 
 953 F.2d 559, 560 (9th Cir.1992). Adrian has fully briefed and argued the merits of the district court’s dismissal of the indictment, and thus has not been harmed by the government’s oversight.
 
 See id.
 
 We therefore decline to hold that the government’s appeal is barred, either by mootness, or by a failure to file an adequate notice of appeal.
 

 III.
 

 Adrian next contests our jurisdiction to hear the government’s appeal from the order excluding the evidence of his prior conviction. Based on the district court’s finding that the evidence suppressed was not substantial proof of a material fact, appellee claims that the statutory prerequisites to jurisdiction have not been met.
 
 [1]
 
 The government argues that we derive jurisdiction over the interlocutory appeal from 18 U.S.C. § 3731 (1988), which provides in relevant part:
 

 An appeal by the United States shall lie to a court of appeals from a decision or order of a district courts [sic] suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or. information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.
 

 Adrian first postulates that section 3731 does not allow appeals from orders excluding evidence of a defendant’s prior conviction. He offers no support for this argu
 
 *490
 
 ment other than his belief that section 3731 is concerned exclusively with evidence excluded or suppressed on constitutional grounds. Were we to read such a limitation into the statute, however, we would find ourselves in conflict with the Supreme Court’s directive that the purpose of the statute is “to remove all statutory barriers to Government appeals and to allow appeals whenever the Constitution would permit.”
 
 United States v. Wilson,
 
 420 U.S. 332, 337, 95 S.Ct. 1013, 1019, 43 L.Ed.2d 232 (1975). Moreover, as the government notes, we have always entertained appeals under section 3731 regardless of the justification for excluding the evidence.
 
 See, e.g., United States v. Layton,
 
 767 F.2d 549 (9th Cir.1985)
 
 (Layton II)
 
 (evidence excluded under Fed.R.Evid. 403);
 
 United States v. Layton,
 
 720 F.2d 548 (9th Cir.1983)
 
 (Layton II)
 
 (evidence excluded under Fed. R.Evid. 801),
 
 cert. denied,
 
 465 U.S. 1069, 104 S.Ct. 1423, 79 L.Ed.2d 748 (1984). The district court’s suppression of the evidence under Federal Rule of Evidence 404(b) in this case provides a legitimate basis for interlocutory appeal under section 3731.
 

 Adrian also argues, however, that the evidence of his prior convictions is not “substantial proof of a fact material in th[is] proceeding,” and that therefore the government may not bring an appeal under section 3731. The district court, in its order dismissing-the indictment, agreed with appellant. The government contests the district court’s finding, and argues in the alternative that the plain language of section 3731 permits an appeal whenever the government certifies to the district court that the evidence is “substantial proof of a fact material,” regardless of the truth of that certification.
 

 In the past we have required more than the prosecutor’s bare certification that the conditions enumerated in section 3731 exist. In
 
 United States v. Loud Hawk,
 
 628 F.2d 1139 (9th Cir.1979) (en banc)
 
 (Loud Hawk I), cert. denied,
 
 445 U.S. 917, 100 S.Ct. 1279, 63 L.Ed.2d 602 (1980), for example, we predicated the right to appeal not only upon certification, but also upon satisfaction of those conditions.
 
 Id.
 
 at 1150. We have intermittently reaffirmed this holding.
 
 See, e.g., United States v. Gatto,
 
 763 F.2d 1040, 1050 (9th Cir.1985) (“The government has a conditional right to appeal a suppression order.”). The government has asked us to revisit these rulings, arguing that
 
 Loud Hawk I
 
 has been overruled. We disagree. Following remand to the district court in
 
 Loud Hawk I,
 
 a second appeal was brought on different grounds. We affirmed, but the Supreme Court reversed.
 
 See United States v. Loud Hawk,
 
 741 F.2d 1184 (9th Cir.1984),
 
 rev’d,
 
 474 U.S. 302, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986)
 
 (Loud Hawk II).
 
 The government contends that this subsequent history “casts doubt on the correctness” of the en banc court’s decision in
 
 Loud Hawk I.
 
 Even if this were true, however, the Supreme Court’s decision in
 
 Loud Hawk II
 
 in no way addressed the prerequisites for jurisdiction under section 3731, and we have subsequently reaffirmed our holding that the government’s right to appeal is conditional.
 
 Gatto,
 
 763 F.2d at 1050.
 

 The government also argues that imposing additional jurisdictional requirements conflicts with
 
 United States v. Helstoski,
 
 442 U.S. 477, 99 S.Ct. 2432, 61 L.Ed.2d 12 (1979). The Supreme Court there noted:
 

 We agree with the Court of Appeals that 18 U.S.C. § 3731 authorized the Government to appeal the District Court order restricting the evidence that could be used at trial. All of the requisites of § 3731 were met. There was an order of a District Court excluding evidence; a United States Attorney filed the proper certification; and the appeal was taken within 30 days.
 

 442 U.S. at 487 n. 6, 99 S.Ct. at 2439 n. 6. The question whether the government must meet the requirements set out in section 3731 in order for us to obtain jurisdiction was apparently not before the Court, however, as the defendant in
 
 Helstoski
 
 did not disagree with the prosecutor’s certification. Instead, the defendant in that case argued before the court of appeals that the court lacked jurisdiction because the district court’s order was not the type of order encompassed by section 3731.
 
 United States v. Helstoski,
 
 576 F.2d 511, 520 (3d
 
 *491
 
 Cir.1978). Consequently, the
 
 Helstoski
 
 footnote does not necessarily conflict with our cases establishing additional requirements for a finding of jurisdiction, and we have in fact read
 
 Helstoski
 
 as setting “preliminary jurisdictional requirements,” independent of the “additional requirements” established in
 
 Loud Hawk I. Layton I,
 
 720 F.2d at 554. In
 
 Layton I,
 
 after satisfying ourselves that the preliminary jurisdictional requirement of certification had been met, we proceeded to address a possible problem with the
 
 Loud Hawk I
 
 requirements before assuming jurisdiction:
 

 The three preliminary section 3731 jurisdictional requirements established by the Supreme Court,
 
 United States v. Helstoski,
 
 442 U.S. 477, 487 n. 6 [99 S.Ct. 2432, 2439 n. 6, 61 L.Ed.2d 12] (1979), have been met in the present case. As to the additional requirements,
 
 United States v. Booth,
 
 669 F.2d 1231, 1241 (9th Cir.1981);
 
 United States v. Loud Hawk,
 
 628 F.2d 1139, 1150 (9th Cir.1979) (en banc),
 
 cert. denied,
 
 445 U.S. 917 [100 S.Ct. 1279, 63 L.Ed.2d 602] (1980), the only questionable issue is whether Lay-ton has been placed in jeopardy before the appeal.
 

 ... [J]eopardy does not attach in the second trial until the jury has been sworn. Thus, this appeal meets the requirements under our interpretation of section 3731 and we have jurisdiction.
 

 720 F.2d at 554 (citations omitted). Here the government complied with the preliminary requirements: there was an order from the district court excluding evidence, the U.S. Attorney filed the proper certification, and the appeal was taken within thirty days of the denial of the
 
 in limine
 
 motion. There is, however, some question about whether the “additional requirements” have been met. Thus, before we may assume jurisdiction, the government must demonstrate that the evidence of appellee’s prior convictions was substantial proof of a fact material to the prosecution.
 
 Loud Hawk I,
 
 628 F.2d at 1150.
 

 We have not yet resolved, however, what showing would suffice to establish that the evidence suppressed constitutes substantial proof of a fact material to a proceeding. Nor have we previously determined whether any deference is owed to the district court’s finding that the evidence was not substantial proof. We believe that the appropriate rule is the one generally applied — namely, that jurisdiction is a legal issue to be reviewed
 
 de novo. Stock West, Inc. v. Confederated Tribes,
 
 873 F.2d 1221, 1225 (9th Cir.1989). At the same time, however, “the district court’s factual findings on jurisdictional issues must be accepted unless clearly erroneous.”
 
 Id.
 

 “Proof” is “evidence sufficient (or contributing) to establish a fact or produce belief in the certainty of something.” 12
 
 Oxford English Dictionary
 
 627 (2d ed. 1989);
 
 see also Black’s Law Dictionary
 
 1215 (6th ed. 1990) (Proof is “the effect of evidence; the establishment of a fact by evidence”). Thus, evidence would be “substantial proof of a fact material” if it makes a considerable contribution to cognition of a fact relevant to resolution of the case. This would seem to require the government to demonstrate that the evidence is highly probative before we could even exercise jurisdiction over an interlocutory appeal from a suppression order. Section 3731 also instructs, however, that its provisions “be liberally construed to effectuate its purposes.” Given that the purpose of this section is to allow the government to appeal “whenever the Constitution would permit,”
 
 Wilson,
 
 420 U.S. at 337, 95 S.Ct. at 1019, we must interpret the requirement that the evidence suppressed be “substantial proof of a fact material” in a way which facilitates rather than hinders the government’s ability to seek review in this court. Thus, we will find the government to have satisfied this additional jurisdictional requirement if, assuming that the evidence would be admissible, a reasonable trier of fact could find the evidence persuasive in establishing the proposition for which the government seeks to admit it.
 

 “We have consistently held that evidence of a defendant’s prior possession or sale of narcotics is relevant under Rule
 
 *492
 
 404(b) to issues of intent____”
 
 United States v. Mehrmanesh,
 
 689 F.2d 822, 832 (9th Cir.1982). Without deciding whether the evidence of Adrian’s prior convictions would be inadmissible on grounds other than relevance, we therefore reaffirm our belief that a reasonable jury could find the fact that appellant had twice been convicted of narcotics related offenses persuasive of his intent in participating in the events at issue in this case. We thus conclude that the “additional” jurisdictional requirements have been met, and that it is proper for us to exercise jurisdiction over the government’s interlocutory appeal.
 

 IV.
 

 We turn now to the merits of the district court’s order excluding evidence of appellee’s prior convictions. We review the district court’s decision to exclude the evidence, as well as its balancing of probative value against the danger of unfair prejudice, for an abuse of discretion.
 
 United States v. Perkins,
 
 937 F.2d 1397, 1400 (9th Cir.1991).
 

 Before the prosecution may use evidence of prior crimes against a defendant, it must establish that: (1) the evidence is probative of a material issue in the case, (2) that sufficient evidence exists for the jury to find that the defendant committed the prior crime, and (3) that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.
 
 United States v. Ramirez-Jiminez,
 
 967 F.2d 1321, 1325 (9th Cir.1992). In evaluating the probative value of the evidence, the proximity in time of the prior act and its similarity to the present crime will often be relevant.
 
 Id.
 
 at 1326.
 

 The district court denied the government’s motion to admit the convictions, concluding that they were not probative of any material issues, and that any residual probative value was substantially outweighed by “the almost certainty of prejudice from factors unrelated to the elements involved in the instant offense.” The government appeals both these determinations.
 

 Adrian was charged with conspiracy with intent to distribute, and possession with intent to distribute marijuana. His intent was thus a material issue in the case.
 
 Cf. id.
 
 at 1325-26 (holding that government permitted to prove knowledge through proof of prior bad acts where knowledge an element of the crime at issue). Intent in prosecutions for possession of and intent to distribute narcotics may be demonstrated through evidence of prior possession and sale of narcotics.
 
 Mehrmanesh,
 
 689 F.2d at 832. Thus, the district court erred in holding that evidence of appellant's prior narcotics convictions tended only to prove a criminal disposition.
 

 On the other hand, given the paucity of the record presented by the government on appeal, it is impossible for us to determine whether the danger of unfair prejudice to the defendant substantially outweighed the probative value of the evidence.
 
 See United States v. Bailleaux,
 
 685 F.2d 1105, 1111 (9th Cir.1982) (Fed. R.Evid. 403 weighing will turn on the degree of probativeness of the evidence). It does not appear from the record whether the prior convictions were similar enough and proximate enough in time to the present offenses to make them highly relevant to appellee’s intent.
 
 See Ramirez-Jiminez,
 
 967 F.2d at 1326-1327. Indeed, beyond the bare fact of conviction, the government has not brought before this court any information regarding the nature of the prior convictions. All that we have to review is the government’s assertion that appellee had a state court conviction in 1987 for possession of narcotic drugs and a federal conviction in 1987 for conspiracy to distribute cocaine. Without a more detailed knowledge of appellee’s prior crimes, it is almost impossible to tell how probative the fact of his convictions would be in demonstrating intent.
 
 Cf. United States v. Rubio-Villareal,
 
 927 F.2d 1495, 1503 (9th Cir.1991) (comparing facts surrounding defendant’s prior conviction to assess its similarity and probative value),
 
 modified in part,
 
 967 F.2d 294 (9th Cir.1992) (en banc). As we observed in
 
 United States v. Miller,
 
 874 F.2d 1255 (9th Cir.1989):
 

 
 *493
 
 [S]uch evidence simply lacks probative value unless it is sufficiently similar to the subsequent offense. This is true because, if the prior act is not similar, it does not tell the jury anything about what the defendant intended to do in his later action — unless, of course, one argues (impermissibly) that the prior act establishes that the defendant has criminal propensities. Thus, our cases have uniformly held that the use of prior acts to prove identity of intent is only permissible if the acts are similar to the crime charged.
 

 Id.
 
 at 1269 (citation omitted).
 

 Without findings in the district court regarding such factors as similarity of the prior offense, we are not able to review the district court’s exercise of discretion in excluding the evidence. Thus, we believe the best course is to remand the case to allow, the government to develop the record, and to permit the district court the opportunity to weigh the danger of unfair prejudice against the probative force of the evidence.
 

 V.
 

 We review the dismissal of an indictment without prejudice for an abuse of discretion.
 
 Gatto,
 
 763 F.2d at 1050. We conclude that, given the propriety of the interlocutory appeal under section 3731, the district court abused its discretion in dismissing the case on grounds of the delay under Federal Rule of Criminal Procedure 48(b). Since the government had the statutory right to appeal the suppression order, the delay was necessary to permit the government to exercise that right.
 
 See id.; Loud Hawk I,
 
 628 F.2d at 1150.
 

 The order dismissing the indictment is VACATED. The order excluding evidence is also VACATED, and the case is REMANDED for proceedings consistent with this opinion.
 

 [1]
 

 . Appellee does not contest our jurisdiction to hear the government's second appeal on these grounds, since 18 U.S.C. § 3731 permits an appeal by the United States from an "order of a district court dismissing an indictment ... except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.” There is no question that the requirements for jurisdiction over the second appeal have been met.