17 F.3d 397
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Wayne TOLVER, Defendant-Appellant.
 No. 93-10083.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 11, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Wayne Tolver appeals his conviction for possession of cocaine and cocaine base with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Tolver contends that the district court erred by admitting evidence of his prior state conviction for possession of cocaine base for sale. Tolver argues that this evidence was inadmissible under Fed.R.Evid. 404(b). We disagree.
 
 
 4
 We review for abuse of discretion the district court's decision to admit evidence of a prior crime under Fed.R.Evid. 404(b), United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir.1993), and we apply a four-part test to determine whether such evidence is admissible, id. First, the evidence must be probative of a material element of the charged offenses. Id. Here, the district court correctly ruled that the prior conviction was probative of Tolver's intent to distribute cocaine and cocaine base. See United States v. Mehrmanesh, 689 F.2d 822, 832 (9th Cir.1982) ("[w]e have consistently held that evidence of a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to [the] issue[ ] of intent ... in prosecutions for possession of, importation of, and intent to distribute narcotics"). We reject Tolver's argument that intent was not a material issue in the case because his defense was not based on lack of intent. Tolver's intent to distribute cocaine and cocaine base was an element of the offenses charged in the indictment, see 21 U.S.C. Sec. 841(a)(1), and therefore was a material issue in the case, see United States v. Adrian, 978 F.2d 486, 492 (9th Cir.1992). Tolver's decision to focus his defense on other issues did not relieve the government of its burden to prove intent. See Estelle v. McGuire, 112 S.Ct. 475, 481 (1991) ("the prosecution's burden to prove every element of the crime is not relieved by a defendant's tactical decision not to contest an essential element of the offense"); United States v. Spillone, 879 F.2d 514, 518 (9th Cir.1989) (evidence of prior conviction properly admitted to prove intent despite defendant's representation that he would not argue intent), cert. denied, 498 U.S. 878 (1990).
 
 
 5
 Second, because the prior conviction was admitted to prove intent, the prior offense must be similar to the charged offenses. United States v. Ayers, 924 F.2d 1468, 1473 (9th Cir.1991). Tolver's prior conviction for possession of cocaine base for sale was sufficiently similar to the charged offenses of possession of cocaine and cocaine base with intent to distribute to satisfy this requirement. See Spillone, 879 F.2d at 519 (prior offense need not be identical to charged offense; similarity requirement is satisfied if the intent element is similar in each charge).
 
 
 6
 Third, the government must present sufficient evidence to prove the prior offense. Arambula-Ruiz, 987 F.2d at 602. Tolver concedes that the government satisfied this requirement.
 
 
 7
 Fourth, the prior conduct must not be too remote in time from the charged conduct. Id. The facts underlying Tolver's prior conviction occurred between five and six years before the charged conduct. In light of the similarity of the offenses, we conclude that the prior conviction was not too remote to be admitted. See id. at 604 ("a conviction which occurred five years prior to the charge at issue was not too remote") (citation omitted); United States v. Hadley, 918 F.2d 848, 851 (9th Cir.1990) (allowing admission of prior acts that had occurred ten years before the acts underlying the charged offenses), cert. dismissed, 113 S.Ct. 486 (1992); Spillone, 879 F.2d at 519 (allowing admission of prior conviction that was more than ten years old). Accordingly, because the evidence satisfied each of the four requirements for admissibility under Fed.R.Evid. 404(b), the district court did not abuse its discretion by admitting it.
 
 
 8
 Tolver next argues that, even if his prior conviction was admissible under Rule 404(b), the district court abused its discretion by admitting the evidence because its prejudicial effect outweighed its probative value. This argument fails.
 
 
 9
 Under both Fed.R.Evid. 404(b) and Fed.R.Evid. 403, the district court is required to determine whether the probative value of a prior conviction is substantially outweighed by the danger of unfair prejudice to the defendant. Arambula-Ruiz, 987 F.2d at 604; Hadley, 918 F.2d at 852. Here, the record indicates that the district court carefully considered the evidence and determined that its probative value outweighed its prejudicial effect. The district court nevertheless refused to allow the government to describe the details of Tolver's prior offense; instead a three-sentence stipulation about the conviction was read to the jury. Moreover, the district court gave two instructions limiting the purpose for which Tolver's prior conviction was being admitted; one before the stipulation was read and another in the final jury instructions. Given this record, we find no abuse of discretion in the district court's decision to admit the evidence. See id.
 
 II
 
 10
 Tolver contends that the district court erred by refusing to give his proposed "mere presence" instruction to the jury. We reject this contention.
 
 This court recently has explained that:
 
 11
 Although "a defendant is not entitled to a mere presence instruction of his own phrasing, United States v. Ferris, 719 F.2d 1405, 1408 (9th Cir.1983), in certain cases where the government's case "rested primarily on [the defendant's] presence," United States v. Negrete-Gonzales, 966 F.2d 1277, 1282 (9th Cir.1992), and no more than just presence, id., a mere presence or mere proximity instruction should be given.
 
 
 12
 United States v. Medrano, 5 F.3d 1214, 1218 (9th Cir.1993).
 
 
 13
 Here, a "mere presence" instruction was not appropriate because the government's case against Tolver did not rest primarily on his presence at the crime scenes. See id. Instead, the government presented evidence that Tolver engaged in affirmative conduct that demonstrated his knowing possession of the drugs and his intent to distribute them. We find no error in the district court's refusal to give Tolver's proposed instruction because the court's jury instructions " 'fairly and adequately covered the issues presented.' " See id. at 1219 (quoting United States v. Garcia-Cruz, 978 F.2d 537, 540 (9th Cir.1992), cert. denied, 113 S.Ct. 2453 (1993)).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3