72 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos GUERRERO, Plaintiff,
v.
BOARD OF EDUCATION OF the EMERY UNITED SCHOOL DISTRICT;
Ronald Mooney; Cheryl Bolling; Barbara
Kryzwicki, Defendants-Appellees.
Kate Dixon, Real-party-in-interest-Appellant.
 No. 94-16415.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 5, 1995.*
Decided Dec. 8, 1995.
 
 Before: PREGERSON, BRUNETTI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dixon appeals the district court's order requiring her to withdraw from the present case and all related cases, and suspending Dixon from practicing law in certain types of cases before the district court for the Northern District of California for a period of two years. This court has jurisdiction under 28 U.S.C. Sec. 1291. We reverse and remand.
 
 
 3
 Respondents argue that this appeal is moot because the district court's order pertained to nine other related cases from which Dixon does not appeal. This argument lacks merit.
 
 
 4
 Dixon's amended notice of appeal listed the lead case number from the district court's order and stated in the caption that she was appealing the "Order Imposing Discipline on Attorney Kate Dixon, dated July 5, 1994," to the Ninth Circuit Court of Appeals. The amended notice of appeal thus fulfilled the requirements of Fed.R.App.P. 3(c), and Dixon's appeal is therefore not moot.
 
 
 5
 Furthermore, the respondents do not claim that they were misled or prejudiced by the notice of appeal. They have fully briefed and argued the merits of all issues that Dixon has appealed. Dixon's appeal is therefore not barred. See United States v. Adrian, 978 F.2d 486, 489 (9th Cir.1992) (holding that a timely appeal will not be barred "if the intent to appeal a specific judgment can be inferred and the appellee is not prejudiced or misled by the mistake" (quotation omitted)).
 
 
 6
 Dixon argues that the district court erred by failing to follow Local Rule 110-6. We agree.
 
 
 7
 A district court is given broad discretion in interpreting its rules. Miranda v. Southern Pac. Transp. Co., 710 F.2d 516, 521 (9th Cir.1983). However, in the present case, no interpretation of the Local Rules is required.
 
 
 8
 The Local Rules clearly set out a procedure to be taken when a disciplinary proceeding may lead to disbarment or suspension. Local Rule 110-6 explicitly requires that after the district court judge issues Order to Show Cause (OSC) in suspension or disbarment cases, the matter must be assigned to another district court judge to conduct further proceedings on the OSC.
 
 
 9
 In the present case, the district court issued an OSC ordering Dixon to show cause why she should not be suspended from representing plaintiffs in similar actions. The same district court judge conducted the OSC hearing. After the hearing, the same district court judge actually suspended Dixon from doing particular kinds of cases. Although this suspension is "limited" to particular kinds of cases, it is still a "suspension," and therefore falls within the requirements of Local Rule 110-6.
 
 
 10
 Thus, the district court judge erred by failing to follow the clear mandate of Local Rule 110-6 to assign the matter to a different judge after issuing the OSC. We therefore reverse and remand this case to the district court for a hearing on the OSC before a different judge.
 
 
 11
 Because we decide that the district court erred in failing to follow Local Rule 110-6, we need not address the remaining issues raised on appeal.
 
 
 12
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3