UNITED STATES of America,
Plaintiff—Appellee,

v.

Anthony QUINONES, aka Fred,
aka Ray Anthony Quinones,
Defendant—Appellant.

No. 03–50203.

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2004.*

Decided Aug. 13, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Ronald L. Cheng, Esq., Matthew Umhofer, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jerry Sies, Los Angeles, CA, for Defendant–Appellant.

Before: BROWNING, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM **

Defendant Anthony Quinones appeals his conviction of conspiracy to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. § 846, and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

1. Defendant argues that the district court erred when it permitted the Government in its rebuttal case to introduce evidence of his 1999 state-court conviction for possession of methamphetamine. He argues that the 1999 conviction was not relevant to a disputed issue at trial and, therefore, was not admissible under Federal Rule of Evidence 404(b). We review de novo the relevance of evidence of other acts to the crime charged. *United States v. Castillo*, 181 F.3d 1129, 1134 (9th Cir. 1999).

Evidence of Defendant's 1999 conviction for possession of methamphetamine was relevant because it tended to establish knowledge, which is a necessary element of a narcotics conspiracy. *United States v. Montgomery*, 150 F.3d 983, 1001 (9th Cir. 1998). Defendant's theory of defense, which he supported with testimony of two witnesses, was that he was "merely present" in the same location as the drugs, but was not an active participant in any conspiracy to distribute them. Accordingly, he placed at issue the question of his knowledge; an earlier conviction of possessing the same drug was relevant to that issue.

Even assuming (without deciding) that the trial court erred in instructing the jury that the evidence also was relevant to Defendant's intent, any such error was harmless beyond a reasonable doubt.

2. Defendant argues for the first time in his reply brief that the 1999 conviction was not listed in the Government's Information Establishing Prior Narcotics Felony Conviction and that offering this evidence therefore violated 21 U.S.C. § 851. This argument was waived, both because Defendant failed to raise it in the district court, *United States v. Van Doren*, 182

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

F.3d 1077, 1083 (9th Cir.1999), and because he failed to raise it in his Opening Brief, *Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999).

AFFIRMED.

JAMES R. BROWNING, Circuit Judge, dissenting.

I respectfully dissent. The admission of the prior conviction was an abuse of discretion. *See McEuin v. Crown Equip. Corp.,* 328 F.3d 1028, 1032 (9th Cir.2003).

The probative value of the prior act evidence was substantially outweighed by its prejudicial impact. Fed.R.Evid. 403. The critical knowledge element the government had to prove was that Quinones had knowledge of the purpose behind the conspiracy, *United States v. Hegwood,* 977 F.2d 492, 497–98 (9th Cir.1992), and there was ample evidence introduced to prove that element. Evidence of Quinones' prior conviction supported a different inference—that having seen methamphetamine before, Quinones would recognize it upon seeing it again. This inference did not even prove an essential element of the crime.

As for intent, the mere fact of a prior conviction—even one involving the same drug—is not specific enough for the jury to make a legitimate inference based on the evidence. Here, there was no demonstration of a common base of knowledge needed for the commission of the two crimes, or a common *modus operandi,* or even that the same individuals, types of conveyances, or locations were involved. *See, e.g., United States v. Garcia–Orozco,* 997 F.2d 1302, 1304 (9th Cir.1993); *United States v. Adrian,* 978 F.2d 486, 492 (9th Cir.1992); *United States v. Bibo–Rodriguez,* 922 F.2d 1398, 1402 (9th Cir.1991). All that was introduced was that Quinones had been previously convicted of a meth-amphetamine-related offense in 1999, which said nothing about his intent to sell methamphetamine under the circumstances in July 2002.

While the probative value of the prior conviction was very limited, its prejudicial impact was significant. Other than the proverbial "smoking gun," no evidence is more likely to damn the defendant in the mind of the jury than evidence of a prior conviction. When the connection between the two crimes was as attenuated as it was here, that prejudicial impact became even greater.