**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| United States of America,<br><br>             Plaintiff - Appellant,<br><br>   v.<br><br>RONNIE BIDDLE, etc.<br><br>             Defendant - Appellee. | No. 10-10379<br><br>D.C. No. 3:09-cr-01159-MHP-1<br><br>MEMORANDUM[*] |

| | |
|---|---|
| United States of America,<br><br>             Plaintiff - Appellant,<br><br>   v.<br><br>RONNIE BIDDLE, etc.<br><br>             Defendant - Appellee. | No. 11-10271<br><br>D.C. No. 3:09-cr-01159-MHP-1 |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Argued and Submitted January 10, 2012
San Francisco, California

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WALLACE and M. SMITH, Circuit Judges, and RAKOFF, District Judge.**

The government appeals the district court's grant of Ronnie Biddle's motion to suppress evidence found during a search of his vehicle. Separately, the government also appeals the district court's dismissal of the indictment against Biddle while the interlocutory appeal of the suppression motion was pending before this court. Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 3731, and we affirm in part and reverse and remand in part.

We affirm the suppression of the evidence found in Biddle's vehicle. Any of Biddle's actions that may have constituted abandonment of the searched vehicle were colored by the officer's initial illegal searches. *United States v. Jackson*, 544 F.2d 407, 409 (9th Cir. 1976) (stating that the court cannot consider "tainted" acts that "may have been brought by unlawful police conduct"); *see also United States v. Stevens*, 206 F.3d 914, 916 (9th Cir. 2000) ("An abandonment must be voluntary, and an abandonment that results from Fourth Amendment violations cannot be voluntary.") (citation omitted). Upon initially approaching the vehicle,

** The Honorable Jed. S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

2

one officer reached into the car, turned the car off, and took the keys out of the car and secured them on his person. Three minutes later, after the officers had already run the license plates and found out that the car was registered to Biddle, they opened the door of the vehicle and began to search through the glove box of the car.

A person retains some expectation of privacy in his car. *See New York v. Class*, 475 U.S. 106, 114 (1986). Neither the officer's seizure of the keys or search of the glove compartment of an unoccupied vehicle can be justified as a stop under *Terry v. Ohio*, 392 U.S. 1 (1968). The officers knew the car was registered to Biddle and was not stolen before they searched the glove compartment. The search cannot be justified as a search incident to arrest because Biddle was not arrested at that time. *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710, 1721 (2009). Nor can the search be justified on the grounds of officer safety because Biddle was not identified and present during the search. *Michigan v. Long*, 436 U.S. 1032, 1049 (1983). These initial actions by the officers tainted any succeeding actions by Biddle, whether or not those succeeding actions constituted abandonment. *United States v. Gilman*, 684 F.2d 616, 620 (9th Cir. 1982). Moreover, these initial searches also tainted the towing of the car and subsequent search of the trunk under

a community caretaking function rationale. *See Wong Sun v. United States*, 371 U.S. 471, 488 (1963).

We conclude, and the parties agree, that the district court erred in dismissing the indictment while the interlocutory appeal on the suppression issue was pending before us. The district court may retain jurisdiction in appropriate situations to dismiss an indictment, in spite of a pending interlocutory appeal. *See United States v. Gatto*, 763 F.2d 1040, 1049 (9th Cir. 1985); *United States v. Cox*, 475 F.2d 837, 841 (9th Cir. 1973). However, the district court abused its discretion in doing so here. *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008) (en banc); *United States v. Adrian*, 978 F.2d 486 (9th Cir. 1992). Accordingly, we reverse and remand the dismissal of the indictment.

**AFFIRMED in part and REVERSED and REMANDED in part.**

USA v. Biddle    10-10379/11-10271

JAN 31 2012

WALLACE, Senior Circuit Judge, concurring in part and dissenting in part.

I concur with my colleagues in reversing for the erroneous dismissal of the

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

indictment.  I dissent from the holding that the police's seizure of the keys and

search of the glove box tainted the later search of the trunk with the resultant

seizure of the gun.

Even if the seizure of the keys and search of the glove box were unlawful,

these Fourth Amendment violations do not render Biddle's subsequent

abandonment involuntary unless there is "a nexus between the allegedly unlawful

police conduct and abandonment of property."  *United States v. Gilman*, 684 F.2d

616, 620 (9th Cir. 1982).  The disposition does not identify this nexus, and I have

not found it.  Nothing suggests that Biddle disavowed ownership of the car

*because* the police took the keys and rummaged through his glove box.  The police

took the car keys only to shut off the engine–making the surroundings safer.

Nothing illegal was found in the glove box, and nothing was done to the glove box

or keys to make the car ownership less desirable. *See Gilman*, 684 F.2d at 620

("Abandonment of property in response to police investigation does not per se

render abandonment involuntary").

Because we have no facts before us that establish a nexus between the initial

seizure and search and Biddle's subsequent abandonment, I would remand for the

district court to develop the record further. In doing so, I remind the district court

that the key issue in abandonment is not the intent of the police, but the intent of

the car owner. *United States v. Nordling*, 804 F.2d 1466, 1469 (9th Cir. 1986).