**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Felipe Guzman SANTA–CRUZ, Defendant–Appellant.**

**No. 93–30296.**

United States Court of Appeals, Ninth Circuit.

Submitted * Feb. 9, 1995.

Decided Feb. 28, 1995.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

Jon R. Zulauf, Finegold, Zulauf & Engelhard, Seattle, WA, for defendant-appellant.

Bonnie E. MacNaughton, Asst. U.S. Atty., Seattle, WA, for plaintiff-appellee.

Before: WRIGHT, HALL and WIGGINS, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Santa–Cruz was convicted of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a). He appeals his conviction, arguing that the district court erred by admitting evidence of his prior possession of a personal use amount of cocaine under Fed. R.Evid. 404(b) and 403. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

## BACKGROUND

In October 1992, Santa–Cruz was arrested for driving under the influence of alcohol and possessing one gram of cocaine. He was driving a blue Chevrolet. In January 1993, he and a codefendant were arrested after one of them pulled 165.4 grams of cocaine out from under the driver's seat of the same car and gave it to a confidential informant.

At trial for the January 1993 incident, both the codefendant and the informant testified that Santa–Cruz produced the cocaine. The codefendant also testified that he had frequently purchased small quantities of cocaine from Santa–Cruz. The United States introduced evidence of the October 1992 arrest of Santa–Cruz for possession of one gram of cocaine.

Both Santa–Cruz's girlfriend and his aunt testified that they had never seen him in possession of drugs. He testified that, when he was arrested for the January 1993 incident, he was only along for the ride, that he had never knowingly participated in a drug sale and that the informant threw the cocaine in his lap when the police arrived. He explained that, when he was arrested for the October 1992 incident, a drunken man had given it to him in a lavatory.

## ANALYSIS

Under Rule 404(b), evidence of a prior act is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." When evidence of a prior act is offered to prove knowledge, the prior act "need not be similar to the charged act as long as the prior act was one which would tend to make 'the existence of the defendant's knowledge more probable than it would be without the knowledge.'" *United States v. Arambula–Ruiz*, 987 F.2d 599, 603 (9th Cir.1993) (quoting *United States v. Ramirez–Jiminez*, 967 F.2d 1321, 1326 (9th Cir.1992)).

■ Santa–Cruz's prior act made his knowledge of his charged offense more probable. It occurred just 12 weeks earlier. It

---

1. We review for an abuse of discretion the decisions that evidence of a prior act is admissible under Rule 404(b) and that the probative value outweighed the danger of unfair prejudice under Rule 403. *United States v. Arambula–Ruiz*, 987 F.2d 599, 602, 604 (9th Cir.1993).

served to rebut his argument that "he had not knowingly participated in the drug transaction and that his possession of the cocaine was accidental." The court did not abuse its discretion in admitting the evidence under Rule 404(b), notwithstanding that the prior act involved a personal use amount of cocaine.

Under Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." This evidence connected Santa–Cruz with the car and suggested that he knew of the cocaine transaction. The court instructed the jury appropriately as to the purpose for which it could consider the evidence. The probative value outweighed the danger of unfair prejudice. The court did not abuse its discretion in admitting the evidence under Rule 403.

**AFFIRMED.**