61 F.3d 914
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Adam Shawn PETER, Defendant-Appellant.
 No. 94-30135.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 17, 1995.
Decided July 26, 1995.
 
 Before: FARRIS, NOONAN, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I. Evidentiary Rulings
 
 2
 The trial court allowed testimony by Tony Lee Tolliver over Peter's objection. Tolliver testified that he had purchased cocaine from Peter on several occasions between May 1992 and January 1993. According to Tolliver, he would page Peter from a payphone when he wished to purchase cocaine. The transactions would occur in the hallway or bedroom of Peter's house.
 
 
 3
 Peters contends that: (1) it was error under Fed.R.Evid. 404(b) to admit evidence of his prior drug dealing; (2) even if admissible under 404(b), the evidence was more prejudicial than probative under 403(b).
 
 A. Rule 404(b)
 
 4
 We review for abuse of discretion a district court's decision to admit evidence of prior bad acts under 404(b). United States v. Mayans, 17 F.3d 1174, 1181 (9th Cir.1994).
 
 
 5
 Federal Rule of Evidence 404(b) allows evidence of "other crimes" to establish "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Rule 404(b) evidence is admissible if: (1) it tends to prove a material point; (2) the prior bad act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other acts; and (4) the acts are similar to the charged offense. Id.; United States v. Garcia-Orozco, 997 F.2d 1302, 1304 (9th Cir.1993).
 
 
 6
 When attempting to establish relevance, the government " 'must articulate precisely the evidential hypothesis by which a fact consequence may be inferred from the other acts evidence.' " Mayans, 17 F.3d at 1181 (quoting United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir.1982)). Where, as here, the government's theory of admissibility is to show the defendant's knowledge, there must be "a logical connection between the knowledge gained as a result of the commission of the prior act and the knowledge at issue in the charged act." Mayans, 17 F.3d at 1181-82. If a prior act is offered to show knowledge, however, it "need not be similar to the charged act as long as the prior act was one which would tend to make the 'existence of the defendant's knowledge more probable than it would be without the evidence.' " United States v. Santa-Cruz, 48 F.3d 1118, 1119 (9th Cir.1995) (quoting United States v. Arambula-Ruiz, 987 F.2d 599, 603 (9th Cir.1993)).
 
 
 7
 Peter contends that the government failed to specify the relevance of his prior drug dealing to the charged offenses. During trial the prosecutor informed the court that "the next witness that I would call would be testifying regarding drug activity, drug trafficking on behalf of the defendants." Peter's counsel objected. The following colloquy then occurred between the AUSA and the court:
 
 
 8
 COURT: And I assume this evidence will be offered on the issue of knowledge--on the--
 
 
 9
 MR. TORGERSON: That's--that's correct.
 
 
 10
 After Tolliver briefly testified out of the jury's presence, the court ruled that the evidence of Peter's prior cocaine dealing was admissible under Rule 404(b). The court concluded that the proffered evidence of prior drug sales "tend[s] to prove knowledge on the part of the defendant concerning the contents of the container box in which ... two kilos of cocaine [ ] had been shipped out of Miami, Florida to the designated Anchorage address...."
 
 
 11
 The government adequately linked its proffer of Tolliver's testimony to the charged offenses. In light of Peter's theory of defense--lack of knowledge that the package contained cocaine--evidence of prior cocaine dealing by Peter was plainly relevant. The evidence of Peter's prior cocaine sales tended to make his knowledge of the contents of the DHL package more probable than without it. Santa-Cruz, 48 F.3d at 1118. In context, the government's affirmative response to the court's stated understanding that the prior bad acts evidence related to the question of knowledge provided a sufficient logical connection between the prior acts and the charged offenses. Tolliver's testimony did not violate Rule 404(b).
 
 B. Rule 403
 
 12
 We have "specifically incorporated Rule 403's probative value/unfair prejudice balancing requirement into the Rule 404(b) inquiry.' " Mayans, 17 F.3d at 1183. Peter argues that the district court committed reversible error by failing to conduct a Rule 403 balancing test. The argument lacks merit.
 
 
 13
 Following the district court's ruling that Tolliver's testimony was admissible under Rule 404(b), Peter's counsel inquired: "And does your Honor's ruling also include a 403 balancing test ruling as to more prejudicial than probative?" The court responded: "Oh, I consider the evidence to be highly probative. Summon the jury."
 
 
 14
 A recitation of the Rule 403 test by the trial judge is not required. "It is enough that [we] can conclude, based on a review of the record, that the district court considered Rule 403's requirements." United States v. Ono, 918 F.2d 1462, 1465 (9th Cir.1990). Although the district court referenced only the probative value portion of the test, the record leaves no doubt that the prejudicial effect of the prior bad acts evidence was considered.
 
 II. Sufficiency of the Evidence
 
 15
 When reviewing a challenge to the sufficiency of the evidence, we determine "whether, after reviewing 'the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 16
 Peter contends that the evidence was insufficient to support his conviction. According to Peter, the government failed to establish beyond a reasonable doubt that he: (1) was involved in a conspiracy to possess with intent to distribute cocaine; and (2) had possession of the box containing cocaine. Neither argument is supported by the record.
 
 A. Conspiracy
 
 17
 To establish conspiracy, the government must show an agreement to engage in criminal activity. United States v. Shabani, 115 S.Ct. 382, 386 (1994). Proof of a formal agreement is not required. Rather, "the agreement may be inferred from the defendants' acts pursuant to the scheme, or other circumstantial evidence." United States v. Vgeri, 51 F.3d 876, 879 (9th Cir.1995) (quoting United States v. Disla, 805 F.2d 1340, 1348 (9th Cir.1986)).
 
 
 18
 Although the government produced no direct evidence that Peter conspired to possess cocaine with intent to distribute, there is considerable circumstantial evidence. Tolliver testified that Peter had sold him cocaine on several occasions. According to Tolliver, those sales were initiated by pager calls and consummated at Peter's home. After picking up the DHL package, Champion brought it immediately to Peter's house. He spoke with Peter before entering the house. He then took the package directly into the spare bedroom. Shortly thereafter, Peter went outside, rummaged through Freeman's car, looked up and down the street, went back into the house and deadboalted the door (despite being 4:30 in the afternoon), and opened the box in the spare bedroom. When DEA agents searched the spare bedroom, they found an electronic scale. A pager found in the home beeped several times during the search, with callers using identification codes. A number of telephone calls were received during the search. Each caller hung up. Viewed in the light most favorable to the government, the record contains sufficient evidence for a reasonable jury to find beyond a reasonable doubt that Peter conspired to possess cocaine with intent to distribute. Bishop, 959 F.2d at 829.
 
 B. Possession With Intent to Distribute
 
 19
 Peter argues that the government was unable to establish that he had actual or constructive possession of the cocaine. "Possession of a controlled substance under section 841(a)(1) 'may be constructive, as well as actual.' " United States v. Restrepo, 930 F.2d 705, 709 (9th Cir.1991) (quoting United States v. Disla, 805 F.2d 1340, 1350 (9th Cir.1986)). Constructive possession may be established with evidence that the defendant participated in a joint venture, thereby sharing "dominion and control over the contraband." Restrepo, 930 F.2d at 710. The record evidence, when viewed in light most favorable to the government, sufficiently demonstrates Peter's participation in a joint venture with Champion to possess cocaine with intent to distribute. He therefore had constructive possession of the drugs. Id.
 
 
 20
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3