70 F.3d 1281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marzelino URENA-VASQUEZ, Defendant-Appellant.
 No. 94-30461.
 United States Court of Appeals, Ninth Circuit.
 Submitted* Nov. 14, 1995.
Decided Dec. 4, 1995.
 
 Before: BOOCHEVER, FERNANDEZ, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marzelino Urena-Vasquez[1] appeals his conviction of one count of conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846 (count two), one count of distributing, or aiding and abetting others to distribute, 500 grams or more of cocaine in violation of 21 U.S.C. Sec. 841(a)(1) (count three), and one count of using and carrying a firearm, or aiding and abetting others to use and carry a firearm, during and in relation to a drug-trafficking offense in violation of 18 U.S.C. Sec. 924(c)(1) and (2) (count four). He asserts that the evidence was insufficient, that the district court should have given a mere presence instruction, and that it should not have admitted prior bad evidence. We affirm.
 
 DISCUSSION
 A. Sufficiency of the Evidence
 
 3
 Urena moved for a judgment of acquittal at the end of the government's case. However, he failed to renew his motion at the end of all of the evidence. Thus, we will not reverse absent plain error. See United States v. Oliver, 60 F.3d 547, 551 (9th Cir.1995); United States v. Kuball, 976 F.2d 529, 531 (9th Cir.1992). But, even if he had preserved his claim, there was sufficient evidence to convict Urena.
 
 
 4
 In a prosecution for violation of 21 U.S.C. Sec. 846, "the Government need not prove the commission of any overt acts in furtherance of the conspiracy." United States v. Shabani, --- U.S. ----, 115 S.Ct. 382, 385, 130 L.Ed.2d 225 (1994). "To obtain a conspiracy conviction, the government must prove that a conspiracy existed, and then need only prove a slight connection between the defendant and the conspiracy." United States v. Segura-Gallegos, 41 F.3d 1266, 1268 (9th Cir.1994) (internal quotations omitted); see also United States v. Wiseman, 25 F.3d 862, 865 (9th Cir.1994); United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991). Nevertheless, "[m]ere proximity to the scene of a crime is not sufficient to establish a connection to the conspiracy...." Mares, 940 F.2d at 458; see also United States v. Ramos-Rascon, 8 F.3d 704, 708-10 (9th Cir.1993).
 
 
 5
 The evidence proved a conspiracy. See Shabani, --- U.S. ----, 115 S.Ct. at 386. Cortez had ongoing discussions about the transaction with the undercover agent and with Marquez. The transaction then progressed to the point that the agent was shown the cocaine and was able to field test it. The evidence also showed more than a slight connection between Urena and the conspiracy. He was in the car that contained the cocaine. He warned the others that the deal was a set up, he had a handgun that belonged to the wife of one of the co-conspirators, and the other co-conspirator testified that Urena was acting as a lookout. His actions showed that he was not merely at the scene of the crime. See Segura-Gallegos, 41 F.3d at 1269; but see Wiseman, 25 F.3d at 865-67; Ramos-Rascon, 8 F.3d at 707-10. There was no plain error. See United States v. Keys, No. 93-50281, slip op. 12567, 12585 (9th Cir. Sept. 29, 1995). Thus, there was sufficient evidence to convict him.
 
 B. Mere Presence Instruction
 
 6
 The district court declined to give Urena's proposed instruction regarding constructive possession of narcotics. However, the court did instruct the jury that "a person who has no knowledge of a conspiracy but happens to act innocently in a way which furthers the objective of the conspiracy does not thereby become a member of the conspiracy." The district court also instructed the jury as follows:
 
 
 7
 It is not enough that a defendant simply associated with others, was present at the scene of a crime, or even did things that were helpful to them. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping others violate the law.
 
 
 8
 There is no error if the instructions as a whole cover the defense's theory of the case. United States v. Lopez, 885 F.2d 1428, 1434 (9th Cir.1989), cert. denied, 493 U.S. 1032, 110 S.Ct. 748, 107 L.Ed.2d 765 (1990). The district court's instruction covered Urena's theory of defense that his mere presence did not make him a co-conspirator. See Ramos-Rascon, 8 F.3d at 707-10; Mares, 940 F.2d at 458. Furthermore, the government's case was based on much more than mere presence. It was based on Urena's active participation in the crime, including his activities and words at the scene. See United States v. Negrete-Gonzales, 966 F.2d 1277, 1282 (9th Cir.1992); United States v. Chambers, 918 F.2d 1455, 1461-62 (9th Cir.1990). Thus, the district court's instructions were not erroneous. See Lopez, 885 F.2d at 1434.
 
 C. Evidence of Prior Bad Acts
 
 9
 The district court allowed testimony concerning two prior bad acts by Urena after it determined that he had committed those acts. Prior to the introduction of each prior act, the district court cautioned the jury that the evidence of the prior acts was only being introduced to demonstrate Urena's "motive, intent, preparation, plan, knowledge and absence of mistake or accident." The court further cautioned the jury that "under no circumstances are you to consider this testimony as tending to show criminal predisposition or criminal character of [Urena]." Of course, Federal Rule of Evidence 404(b) is a rule of inclusion, and evidence is admissible under it as long as it is not offered for an improper purpose and passes the other tests in the Federal Rules of Evidence, such as relevance (Rule 402) and probative value outweighs unfair prejudice (Rule 403). See Huddleston v. United States, 485 U.S. 681, 687-88, 108 S.Ct. 1496, 1500, 99 L.Ed.2d 771 (1988).
 
 
 10
 Urena's theory of defense was that he was unaware that a drug transaction was taking place. The prior bad acts were introduced to counter the defense theory and demonstrate that Urena had knowledge of the transaction. The acts were not too remote in time. One act occurred three years prior to the instant offense and the other occurred just a month prior to the instant offense. See United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir.1993); see also United States v. Santa-Cruz, 48 F.3d 1118, 1119 (9th Cir.1995); United States v. Mayans, 17 F.3d 1174, 1181 (9th Cir.1994). Also, the prior bad acts were similar to the instant offense. Both prior acts involved narcotics and the possession of a loaded firearm. Both of those factors were present in the instant offense.
 
 
 11
 The evidence met all of the requirements for admission. See Arambula-Ruiz, 987 F.2d at 602. In addition, the probative value of the prior bad acts to prove Urena's knowledge outweighed any prejudice from its admission. See Santa-Cruz, 48 F.3d at 1119-20 (evidence of prior possession of even a small quantity of narcotics is admissible to demonstrate knowledge of narcotics distribution); see also United States v. Hegwood, 977 F.2d 492 (9th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 2348, 124 L.Ed.2d 257 (1993) (prior use of cocaine is relevant to knowledge, intent, absence of mistake); United States v. Milner, 962 F.2d 908 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 614, 121 L.Ed.2d 548 (1992) (evidence of drug use relevant to show person conspiring to distribute drug). The district court did not err when it admitted evidence of the prior acts.
 
 CONCLUSION
 
 12
 Urena's assertions of innocence and claims that the district court erred in admitting evidence and instructing the jury are otiose. The evidence of his guilt was powerful. Urena's own actions make it obvious that he was there to facilitate the transaction. He was no ingenue who stumbled into the midst of a drug deal; he was experienced on the drug scene; he was a fully armed lookout, who was there to provide security. In fine, he suited his actions to Cortez' words. To give him his due, he did his best to serve the people he was helping--he did warn them as soon as he could. In serving those people, he disserved the People.
 
 AFFIRMED
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At trial, Urena testified that his real name was Emilio Godinez-Vasquez. Nevertheless, we will refer to him as Urena in order to conform with the district court record