73 F.3d 371
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anabel ACEVES-ANAYA, Defendant-Appellant.
 No. 95-50147.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1995.
Decided Dec. 26, 1995.
 
 Before: ALDISERT*, ALARCON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anabel Aceves-Anaya appeals her conviction and sentence for importing approximately 104.75 pounds of cocaine into the United States. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Aceves-Anaya argues that the district court abused its discretion by admitting, under Fed.R.Evid. 404(b), evidence of her prior arrest for marijuana importation, and by failing to make an explicit finding under Fed.R.Evid. 403 that the danger of unfair prejudice from admitting the evidence didn't substantially outweigh its probative value. We disagree.
 
 
 4
 Rule 404(b) allows the admission of evidence of other crimes or bad acts to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," Fed.R.Evid. 404(b), if the government establishes that " '(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged.' " United States v. Corona, 34 F.3d 876, 881 (9th Cir.1994) (quoting United States v. Luna, 21 F.3d 874, 878 (9th Cir.1994)). But, as here, when the evidence "is offered to prove knowledge, the prior act need not be similar to the charged act as long as the prior act was one which would tend to make the existence of the defendant's knowledge more probable than it would be without the [evidence]." United States v. Santa-Cruz, 48 F.3d 1118, 1119 (9th Cir.1995) (internal quotation omitted).
 
 
 5
 Knowledge is a material element of the crimes of possession of cocaine and conspiracy to import cocaine, United States v. Arambula-Ruiz, 987 F.2d 599, 603 (9th Cir.1992), which the government had to prove despite Aceves-Anaya's denial that she participated at all. United States v. Mayans, 17 F.3d 1174, 1182 (9th Cir.1994). In the circumstances, Aceves-Anaya's prior marijuana importation arrest tended to make her knowledge of the presence of cocaine more probable, and thus tended to help prove the material element of knowledge. In 1992, she drove a car across the border; the car had a secret compartment containing a large quantity of marijuana; and there was a laundry basket in the car filled with laundry as "window dressing." In 1994, she was a passenger in a jeep that again drove across the border; the jeep had a similarly constructed secret compartment in a similar location that again contained illegal drugs; and she had placed within the jeep an overcoat with the Chevron logo and her name on it as "window dressing." We therefore cannot say that the district court abused its discretion.
 
 
 6
 Nor does it matter that Aceves-Anaya was the driver (and sole occupant) of the car carrying the contraband the first time, and this time was a passenger. See, e.g., Santa-Cruz, 48 F.3d at 1119-20 (defendant's prior arrest for possession of one gram of cocaine on his person tended to show that he had knowledge that the car in which he was merely a passenger contained 165.4 grams of cocaine under the driver's seat because "[i]t served to rebut [the defendant's] argument that 'he had not knowingly participated in the drug transaction and that his possession of the cocaine was accidental' "); United States v. Mehrmanesh, 689 F.2d 822, 831 (9th Cir.1982) (evidence of the defendant's prior conviction for smuggling hashish into the United States was properly admitted to show the defendant's knowledge that a suitcase sent by someone in Kuwait to his home address in the United States contained heroin).
 
 
 7
 Finally, the district court's failure to make an explicit Rule 403 finding is cured where, as here, the record suggests that the court ruled in light of the government's trial memorandum (which set out the appropriate factors) and "implicitly made the necessary finding." United States v. Ramirez-Jiminez, 967 F.2d 1321, 1326 (9th Cir.1992).
 
 II
 
 8
 Aceves-Anaya argues that the district court erred by admitting evidence of statements she made following her prior arrest, including that she was just test driving the car and taking it to a mechanic for inspection. The statements, Aceves-Anaya says, were not relevant to a material fact and permitted the jury to draw a prejudicial adverse inference that because she lied after her first arrest, she was lying this time.
 
 
 9
 Aceves-Anaya relies on United States v. Rubio-Villareal, 927 F.2d 1495 (9th Cir.1991), modified on reh'g en banc, 967 F.2d 294 (9th Cir.1992), but that case is distinguishable. Here, unlike in Rubio-Villareal, the government didn't introduce evidence that during her prior arrest, Aceves-Anaya denied but later admitted knowing there was marijuana in the vehicle. Rather, the government offered only her false statements about test driving the car, and Aceves-Anaya then chose to introduce a stipulation that she had pleaded guilty to possession of marijuana so that she could argue to the jury that she pleads guilty when she actually committed the crime, but goes to trial, as here, when she didn't commit the crime.
 
 
 10
 Here, the government offered Aceves-Anaya's false exculpatory statements on both occasions to show that she knew she was transporting drugs. This time, she said she was visiting her mother in Mexacali but she didn't know where she lived; and she said that she had to hurry to work at a Chevron station, but she had been fired from that work six months before. During the interview, Aceves-Anaya kept nervously looking to the lot where agents were checking the jeep. The jeep was visibly altered with a strong smell of glue, which put Aceves-Anaya on notice of a concealed compartment. And there was a new carpet laid down over the secret compartment.
 
 
 11
 We therefore conclude that the district court did not abuse its discretion by admitting the post-arrest statements under Rule 404(b).
 
 III
 
 12
 Aceves-Anaya challenges the district court's refusal to apply a two-level adjustment for minor participation status under U.S.S.G. Sec. 3B1.2(b). Under U.S.S.G. Sec. 3B1.2(b), a defendant is entitled to a two-level reduction as a minor participant in the crime if the district court concludes that she is " 'substantially' less culpable than [her] co-participants." United States v. Benitez, 34 F.3d 1497, 1498 (9th Cir.1994), cert. denied, 115 S.Ct. 1268 (1995). The district court's finding that she "was probably the organizer of this operation [and] is probably the one that was in charge of the organization" is not clearly erroneous. Aceves-Anaya repeatedly looked out to the car when the custom's agents were inspecting it; she put an overcoat with a Chevron logo and the name "Anabelle" on it in the jeep as "window dressing" in the event they were stopped; she lied to the inspectors about working at Chevron; and she previously had been arrested for a similar offense.
 
 
 13
 Aceves-Anaya also complains about the district court's reliance on hearsay statements of her co-conspirator. Even if the court considered these statements improperly, the error, if any, was harmless in light of all the evidence in the case.
 
 
 14
 AFFIRMED.
 
 
 
 *
 Hon. Ruggero J. Aldisert, Senior Circuit Judge for the Third Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3