73 F.3d 371
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Hector De La ROSA-CONTRERAS, Defendant-Appellant.
 No. 94-10553.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 16, 1995.*
Decided Dec. 28, 1995.
 
 Before: GOODWIN, HAWKINS, Circuit Judges, and FITZGERALD**, District Judge.
 MEMORANDUM***
 Hector De La Rosa-Contreras appeals his jury conviction for conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana, in violation of 21 U.S.C. Secs. 846, 841(b)(1)(B)(vii). Specifically, Rosa-Contreras was convicted after he was discovered driving a vehicle loaded with approximately 264 pounds of marijuana through a border station between Mexico and the United States.
 Rosa-Contreras contends that: (1) it was error under 404(b) to admit evidence of his prior marijuana smuggling conviction for the limited purpose of proving knowledge; and (2) it was error for the trial court to have failed to give a limiting instruction sua sponte. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 I.
 We review for abuse of discretion a district court's decision to admit evidence of prior bad acts under Fed.R.Evid. 404(b). United States v. Mayans, 17 F.3d 1174, 1181 (9th Cir.1994).
 On November 15, 1992, Rosa-Contreras attempted to enter the United States from Mexico at the Port of Entry in Douglas, Arizona. An inspection of his vehicle uncovered twenty bundles of marijuana concealed in his vehicle's quarter panels. Rosa-Contreras entered a plea of nolo contendere to attempting to possess marijuana for sale in Arizona Superior Court and was placed on probation.
 Prior to trial in the instant case, the government urged admission of the 1992 incident under 404(b) to prove knowledge of marijuana's appearance and scent. The district court ruled:
 Insofar as calling witnesses to testify regarding the prior act, which I understand occurred within one year of the time of the instant offense, I believe that the act would be admissible for the purpose of proving knowledge, and it is nothing unusual for that type of evidence to be presented through witnesses who testified to the underlying facts as compared to simply offering evidence of a prior conviction.... I don't think that it is the type of evidence that would be unduly prejudicial so that its prejudicial impact would outweigh its probative value and I believe a limiting instruction could cure any undo prejudice that might result.
 For that reason, I would rule that the prior act would be admissible in the Government's case in chief for the limited purpose of proving knowledge.
 The prior bad act in this case satisfies a material element of the offense, specifically knowledge. Rosa-Contreras's defense was that he was merely present at the scene and that he did not know there was marijuana present in the truck. The prior act is a year before the instant offense and is therefore not too remote in time. The earlier act was based on sufficient evidence.
 Because the prior act was offered to show knowledge it "need not be similar to the charged act as long as the prior act was one which would tend to make the existence of the defendant's knowledge more probable that it would be without the evidence." United States v. Santa-Cruz, 48 F.3d 1118, 1119 (9th Cir.1995) (internal quotation omitted). Here, act was sufficiently similar as it provided evidence that as a marijuana smuggler, Rosa-Contreras was familiar with both the smell and physical description of marijuana. We do not distinguish between a nolo plea and a guilty plea as determinative of prior knowledge. See, Dowling v. United States, 493 U.S. 342, 343-44 (1990) (evidence of prior bad act for which defendant was acquitted admissible in a subsequent trial under 404(b)). In sum, we conclude the admission of the prior bad act was sufficient to meet the four-part Mayans test.
 We have "specifically incorporated Rule 403's probative value/unfair prejudice balancing requirements into the 404(b) inquiry." Mayans, 17 F.3d at 1183. As quoted in the court's decision above, the court found that the evidence's probative value outweighed its prejudicial effect. Based upon the record, we do not find the district court abused its discretion by admitting the prior bad act under Rule 404(b).
 II.
 Rosa-Contreras's second argument on appeal is that the district court erred by failing to give, sua sponte, a limiting instruction regarding the prior bad act at the time it was admitted. Because Rosa-Contreras did not request a limiting instruction, we review for plain error the court's failure to give one sua sponte. Fed.R.Crim.P. 52(b); United States v. Armijo, 5 F.3d 1229, 1232 (9th Cir.1993).
 During its charge to the jury, the district court gave the Ninth Circuit pattern criminal instructions 3.08[1] and 4.04[2] regarding evidence pursuant to Rule 404(b). We conclude that providing these pattern instructions during the court's charge to the jury was adequate. Were there plain error, it did not "seriously affect the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 113 S.Ct. 1770, 1779 (1993). The admission of the prior act was not central to the prosecution's case, and substantial evidence supports Rosa-Contreras's conviction. No miscarriage of justice will result from affirmance of this conviction. See id.
 
 
 1
 AFFIRMED.
 
 
 
 *
 This panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable James M. Fitzgerald, Senior U.S. District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Model Criminal Jury Instruction 3.08 for the Ninth Circuit (1992) provides:
 You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offenses not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against the defendant.
 
 
 [2]
 Model Criminal Jury Instruction 4.04 for the Ninth Circuit (1992) provides:
 You have heard evidence of other acts by the defendant. You may consider that evidence only as it bears on the defendant's intent, knowledge, lack of mistake or accident and for no other purpose.