87 F.3d 1324
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant
v.
Oscar PAREDES-LIO, Defendant-Appellee.
 No. 95-10396.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 10, 1996.
Decided June 20, 1996.
 
 1
 Before: REINHARDT and HALL, Circuit Judges, MERHIGE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Oscar Paredes-Lio was charged with conspiracy to possess with intent to distribute cocaine, 21 U.S.C. § 846, and possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1). The government moved for a pretrial ruling on the admissibility of other act evidence under Fed.R.Evid. 404(b). The government sought to admit testimony of another defendant, Yvonne Paz, that she delivered a shipment of marijuana two weeks earlier at the behest of the same person who set up the cocaine shipment. Paz claims that when she delivered the marijuana, Paredes-Lio helped to unload the shipment. The district court excluded this evidence, but issued no findings detailing its reasons for doing so. The government filed an interlocutory appeal pursuant to 18 U.S.C. § 3731.
 
 
 4
 * Under Rule 404(b), evidence of a person's other crimes, wrongs, or acts may not be admitted if it is intended solely to prove that the person's conduct during the charged incident is in conformity with his or her conduct on a different occasion. But "other act" evidence is admissible for other purposes, such as to prove motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake. Fed.R.Evid. 404(b). We apply a four-part test to determine whether "other act" evidence may be admitted under Rule 404(b):
 
 
 5
 Evidence of prior criminal conduct may be admitted if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged.
 
 
 6
 United States v. Mayans, 17 F.3d 1174, 1181 (9th Cir.1994); United States v. Bibo-Rodriguez, 922 F.2d 1398, 1400 (9th Cir.), cert. denied, 501 U.S. 1234 (1991).
 
 
 7
 The second and third prongs of this test are easily met here. The drug transaction described by Paz occurred about two weeks before the charged incident, so it was not too remote in time. See, e.g., United States v. Houser, 929 F.2d 1369, 1373 (9th Cir.1990) (holding that a conviction four years before was not too remote in time; likewise, other uncharged drug transactions within a year of the offense were not too remote).
 
 
 8
 Under the third prong, sufficient evidence must be presented so that the jury could "reasonably conclude that the [other] act occurred and that the defendant was the actor." United States v. Hinton, 31 F.3d 817, 823 (9th Cir.1994) (quoting Huddleston v. United States, 485 U.S. 681, 689 (1988)), cert. denied, 115 S.Ct. 773 (1995). This is a fairly low threshold, and testimony of a witness to the other incident satisfies this requirement, even with no further corroboration. Id.; Houser, 929 F.2d at 1373. Paz's testimony that she witnessed Paredes-Lio unloading a shipment of marijuana satisfies this requirement.
 
 
 9
 The government's challenge to exclusion of this evidence is based on the first and fourth prongs of the test. The first prong requires that the evidence be relevant to some material point, and the government "must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." Mayans, 17 F.3d at 1181 (internal quotations omitted). In this case, the government offered this evidence to show Paredes-Lio's knowledge and intent. Both are material elements of the crimes charged. United States v. Arambula-Ruiz, 987 F.2d 599, 603 (9th Cir.1993). Paredes-Lio's defense appears to be that he was an innocent bystander, who just happened to be at the wrong place at the wrong time. Implicitly, then, he denies knowledge of the drug transaction being carried out by Paz and the other participants. But his participation in another drug transaction with the same parties a few weeks before tends to discredit his claim that he was unaware of the drug shipment that is the basis of these charges. See id.; Houser, 929 F.2d at 1373. Thus, this evidence is relevant to Paredes-Lio's knowledge of the charged incident.
 
 
 10
 The fourth prong, similarity, is not always required for admission of evidence under Rule 404(b). The degree of similarity between the other act and the charged act depends upon the evidentiary hypothesis asserted by the government. United States v. Ramirez-Jiminez, 967 F.2d 1321, 1326 (9th Cir.1992). An intent theory requires strict similarity between the acts. Id. But when the government's theory of admission is based on knowledge, then the other act need not be similar, provided that there is "a logical connection between the knowledge gained as a result of the commission of the prior act and the knowledge at issue in the charged act." Mayans, 17 F.3d at 1181-82; Ramirez-Jiminez, 967 F.2d at 1326.
 
 
 11
 In this case, the prior transaction put Paredes-Lio on notice that these parties conduct drug smuggling operations in which they take delivery of narcotics brought into the country by Paz. This makes it more probable that he knew these parties were engaged in a drug smuggling conspiracy, and were meeting to unload a drug shipment. See United States v. Santa Cruz, 48 F.3d 1118, 1119 (9th Cir.1995) (arrest for cocaine possession, which occurred 12 weeks before, admitted to show knowledge for later cocaine possession); Arambula-Ruiz, 987 F.2d at 603-04 (prior arrest for possession of heroin with intent to distribute admitted in later trial for same charge); Bibo-Rodriguez, 922 F.2d at 1402 (admitting subsequent act of transporting marijuana hidden in a car's door panels as evidence of knowledge for charged crime of transporting cocaine in car roof); see also Ramirez-Jiminez, 967 F.2d at 1326 ("other act" of associating with alien smugglers who employed a similar modus operandi goes to defendant's knowledge that he was driving truck with cargo of illegal aliens). Although there are some differences in the two incidents, these differences are mostly superficial. For example, it is not important that different drugs are involved. See Bibo-Rodriguez, 922 F.2d at 1402 (" 'The relevant factor is the type of activity undertaken, not the identity of the drugs' "). Although the nature of Paredes-Lio's participation in the two incidents is quite different, his association with the same participants in similar circumstances does bear on his knowledge. See Ramirez-Jiminez, 967 F.2d at 1326 (associating with other smugglers created enough of a connection to infer knowledge).
 
 
 12
 In conclusion, Paz's testimony does bear on Paredes-Lio's knowledge of this drug smuggling operation, and may be admitted under Rule 404(b). However, the evidence may still be excluded if its probative value is outweighed by the danger of unfair prejudice.
 
 II
 
 13
 Evidence admissible under Rule 404(b) must also satisfy the requirements of Fed.R.Evid. 403 before it may properly be admitted. Rule 403 provides that: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."
 
 
 14
 As indicated above, Paz's testimony is probative as to Paredes-Lio's knowledge of the cocaine shipment. Evidence that he has participated in drug smuggling with these parties before makes his knowledge of the charged shipment more probable than without Paz's testimony.
 
 
 15
 Unfair prejudice depends upon the extent to which the testimony " 'makes conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged.' " Ramirez-Jiminez, 987 F.2d at 1327 (quoting United States v. Bailleaux, 685 F.2d 1105, 1111 (9th Cir.1982)).
 
 
 16
 This evidence is prejudicial, at least "to the extent that it tends to prove the fact justifying its admission," namely that Paredes-Lio had knowledge of the cocaine shipment found in Paz's car. Id. However, the paucity of other evidence tying Paredes-Lio to the cocaine increases the prejudicial value of this evidence. The government's heavy reliance on this evidence raises the possibility that Paz's testimony may provoke the jury to convict Paredes-Lio based on his other wrongdoing, rather than his guilt as to the crime charged. See Vizcarra-Martinez, 66 F.3d at 1017; Arambula-Ruiz, 987 F.2d at 604; Houser, 929 F.2d at 1373. As a result, the district court acted well within its discretion to exclude this evidence under Rule 403.
 
 
 17
 On the record before us, it is not entirely clear whether the district court did in fact weigh the probative and prejudicial value of this evidence. The judge gave no indication of the reasons for his decision to exclude the "other act" evidence. Although the district court is not required to explain precisely how it makes every evidentiary rulings, there must be enough information in the record so that we may determine if the court understood and acted within the limits of its discretion. United States v. Breitkreutz, 8 F.3d 688, 692 (9th Cir.1993); United States v. Adrian, 978 F.2d 486, 493 (9th Cir.1992). For this reason, we ordinarily prefer that the district court prepare a statement of the reasons for its decision, and we anticipate that this district court will do so in the future.
 
 
 18
 However, in this case, we find that a remand to allow the district court to explain its reasoning is not necessary. Because the record clearly supports a finding that this evidence is admissible under Rule 404(b), we believe that the district court's decision to exclude it must have been based upon Rule 403. As a result, we hold that the district court appropriately exercised its discretion to exclude this evidence.
 
 
 19
 AFFIRMED.
 
 
 
 *
 Hon. Robert R. Merhige, Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3