119 F.3d 8
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank STEFFENSEN, Defendant-Appellant.
 No. 96-30163.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Decided July 18, 1997.
 
 Before: HUG, Chief Judge, KOZINKSI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Frank Steffensen, a federal prisoner, appeals pro se from the district court's denial of his 28 U.S.C. § 2255 motion challenging his jury conviction for possession of cocaine with intent to distribute (96-35550), and from the denial of his Fed.R.Crim.P. 33 motion for a new trial (96-30163). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 In his section 2255 motion, Steffensen first contends that his trial counsel was ineffective because he failed to file a timely suppression motion. The record indicates that although the motion was untimely, the district court considered the untimely suppression motion on its merits and properly denied it on the basis that police officers had a good-faith belief that there was an outstanding arrest warrant against Steffensen. See eg. United States v. Clark, 31 F.3d 831, 835 (9th Cir.), cert. denied, 115 S.Ct. 920 (1995). Accordingly, Steffensen cannot show that was prejudiced by his counsel's failure to file the suppression motion in a timely manner.
 
 
 4
 Steffensen next contends that the search of the vehicle violated the Fourth Amendment because it was based on an invalid warrant. Because Steffensen was provided a full and fair opportunity to litigate his Fourth Amendment claim, we decline to consider whether Steffensen was entitled to relief under section 2255 on this basis. Tisnado v. United States, 547 F.2d 452, 456 (9th Cir.1976); cf. Stone v. Powell, 428 U.S. 465, 494 (1976) (discussing bar with regard to 28 U.S.C. § 2254 petitions).
 
 
 5
 Steffensen contends that the district court violated his right to due process by ruling that the police officer's testimony regarding statements made during the arrest by the driver of the vehicle constituted hearsay evidence and were inadmissible. We see no error in the district court's ruling, and therefore reject Steffensen's allegation of a due process violation.
 
 
 6
 Finally, we reject Steffensen's contention that the district court erred by denying his motion for a new trial based on the allegedly newly discovered evidence. To obtain a new trial based on newly discovered evidence, Steffensen must show that the evidence: (1) is newly discovered and was unknown to the defendant at trial, (2) is material to issues at trial, (3) is not cumulative, (4) will probably produce an acquittal, and (5) was not discovered due to any lack of diligence. United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991). We review the trial court's denial of a Rule 33 motion for abuse of discretion. United States v. Lockett, 919 F.2d 585, 591 (9th Cir.1990).
 
 
 7
 Here, the proffered testimony of the three alleged witnesses does not meet the above criteria. Information is not "newly discovered" merely because a witness who decided to remain silent changes her mind. Cf. United States v. Diggs, 649 F.2d 731, 740 (9th Cir.1981) (evidence is not "newly discovered" when a codefendant who earlier chose not to testify later offers exculpatory testimony regarding the defendant). The testimony is unlikely to produce an acquittal. It is undisputed that cocaine was found both in Steffensen's jacket and on his person, along with a pager and over $10,000 in cash. Moreover, as the district court noted, had testimony been introduced that Steffensen had been unaware of the drugs in the vehicle, the prosecution could then have introduced prejudicial evidence of Steffensen's prior criminal drug history in order to prove his knowledge. See United States v. Santa-Cruz, 48 F.3d 1118 (9th Cir.1995) (evidence of defendant's prior arrest for possession of small amount of cocaine was relevant to show his knowledge that he was involved in drug transaction in connection with charged offense).
 
 
 8
 Finally, we agree with the district court that Steffensen has failed to show due diligence in attempting to locate the witnesses. Steffensen knew in advance of trial that the prosecution would be calling the police officers regarding the circumstances of the stop. It was foreseeable that he would have to place their credibility at issue, as he in fact attempted to do at trial. Steffensen could have sought a continuance in order to give him time to locate the witnesses. The record indicates, however, that Steffensen declined the district court's proposal of a one-month continuance so that he could secure counsel. Given these circumstances, the district court did not err by denying Steffensen's Rule 33 motion.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3