120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alejandro RAMIREZ-OZUNA, Defendant-Appellant.
 No. 96-50601.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1997**
Decided July 24, 1997.
 
 Before HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alejandro Ramirez-Ozuna appeals his conviction following a jury trial for importation of a controlled substance in violation of 21 U.S.C. §§ 952 and 960, and for possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Ramirez-Ozuna contends that the district court abused its discretion by admitting evidence concerning a prior bad act under Federal Rule of Evidence 404(b) ("Rule 404(b)"). Specifically, Ramirez-Ozuna contends that evidence that he had previously driven a vehicle across the border in which 32 pounds of marijuana were concealed in a hidden compartment was improperly admitted to prove that he knew that 52.3 pounds of marijuana were concealed in a hidden compartment of his vehicle when he attempted to drive across the border in the instant case. Ramirez-Ozuna further contends that the evidence was improperly admitted because the danger of unfair prejudice substantially outweighed its probative value. These contentions lack merit.
 
 
 4
 We review for an abuse of discretion the district court's decisions that evidence of a prior act is admissible under Rule 404(b) and that its probative value outweighed the danger of unfair prejudice under Federal Rule of Evidence 403 ("Rule 403"). See United States v. Santa-Cruz, 48 F.3d 1118, 1119 n. 1 (9th Cir.1995).
 
 
 5
 Under Rule 404(b), evidence of a prior act is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b).
 
 
 6
 At trial, evidence of Ramirez-Ozuna's prior act served to rebut his argument that he was unaware that marijuana was concealed in his vehicle. See Santa-Cruz, 48 F.3d at 1119-20. Furthermore, knowledge is an essential element of the charged offenses. See 21 U.S.C. § 841(a)(1), 960(a)(1); see also United States v. Jackson, 84 F.3d 1154, 1159 (9th Cir.) (considering whether evidence sought to be admitted under Rule 404(b) "proves a material element of the offense charged"), cert. denied, 117 S.Ct. 445 (1996). Thus, the district court did not abuse its discretion in admitting evidence of Ramirez-Ozuna's prior act of drug trafficking under Rule 404(b). See Fed.R.Evid. 404(b); Santa-Cruz, 48 F.3d at 1119 n. 1.
 
 
 7
 Under Rule 403, evidence of a prior act "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. Here, however, the value of the evidence as proof of both Ramirez-Ozuna's knowledge of, and absence of mistake with regard to, the marijuana concealed in his vehicle outweighed the danger of unfair prejudice. See Fed.R.Evid. 401, 403, 404(b); Santa-Cruz, 48 F.3d at 1119-20. The district court limited the risk of unfair prejudice to Ramirez-Ozuna by explaining to the jury that it could consider the evidence "only as it may bear on [Ramirez-Ozuna's] knowledge, intent, and absence of mistake." See Fed.R.Evid. 403; United States v. Avers, 924 F.2d 1468, 1474 (9th Cir.1990). Under these circumstances, the district court did not abuse its discretion in admitting the evidence of Ramirez-Ozuna's prior act under Rule 403. See Santa-Cruz, 48 F.3d at 1119 n. 1.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3