**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Phillip Jay RESCHLY, Defendant—Appellant.**

No. 99–50774.
D.C. No. CR–99–00292–JSR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 14, 2000.

Submission Vacated Dec. 20, 2000.

Resubmitted Aug. 16, 2002.

Decided Aug. 16, 2002.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before RYMER, T.G. NELSON and WARDLAW, Circuit Judges.

## MEMORANDUM *

Phillip Jay Reschly appeals from his conviction and sentence for importing marijuana in violation of 21 U.S.C. §§ 952 and 960. We affirm.

### I

■ Reschly argues that three prior convictions and his 1997 arrest statements should not have been admitted. We disagree. They were admissible to show motive and knowledge. That Reschly had previously possessed methamphetamine in personal use quantity on three occasions tends to prove that he would perform a

service for someone who would offer him a "party," which his statements indicate meant using drugs. Thus, his prior drug use (whether or not it amounted to an addiction) was linked to the offer to party at the end of the trips. *Cf. United States v. Miranda,* 986 F.2d 1283 (9th Cir.1993); *United States v. Labansat,* 94 F.3d 527 (9th Cir.1996). The admissibility of Reschly's statement about what "partying" meant to him does not turn on Rule 404(b), as he suggests, because it is a party admission. In any event, what Reschly meant by a "party" is relevant and not unduly prejudicial because it explains his own statement about what he expected for driving. This, combined with evidence that he drove two cars across the border on the same day for Flaco, both of which he left at a Jack–in–the–Box parking lot although he returned the keys to Flaco, tends to prove that he knew the favor was likely to involve importing drugs. *See, e.g., United States v. Santa–Cruz,* 48 F.3d 1118, 1119 (9th Cir.1995). Contrary to Reschly's view, the district court completed its Rule 404(b) analysis; it was not required to exclude evidence of the prior bad acts simply because they were not similar to the charged offense. The district court also gave a proper limiting instruction. On balance, we see no abuse of discretion.

■ Nor was there plain error on account of the government's reference to Reschly's stay in a homeless shelter. It was made in the context of explaining why anyone who was an habitual user would like free drugs. Even if there were error, Reschly has not persuaded us that his substantial rights were affected by the brief allusion.

### II

■ Reschly contends that reversal is required because the jury did not deter-

mine type and quantity of drugs under 21 U.S.C. § 960(b) pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). His argument that § 960 is unconstitutional on its face is foreclosed by *United States v. Mendoza–Paz*, 286 F.3d 1104, 1109–10 (9th Cir.2002). His argument that the jury should have been instructed that it had to find that Reschly knew the type and quantity of drugs he possessed is foreclosed by *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.2002). His as applied challenge fails because the court sentenced Reschly to 21 months in custody, within the statutory range for the lowest maximum penalty possible. 21 U.S.C. § 960(b)(4). Therefore, neither *Apprendi* nor *United States v. Buckland*, 289 F.3d 558 (9th Cir.2002) (en banc), required either fact to be determined by the jury.

### III

Reschly maintains that his Rule 29 motion should have been granted because the government failed to prove that he had actually imported the marijuana, relying on *United States v. Pacheco–Medina*, 212 F.3d 1162 (9th Cir.2000). However, "entry" is not required for violation of §§ 952(a) and 960. *Daut v. United States*, 405 F.2d 312 (9th Cir.1968).

AFFIRMED.