**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-50172 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-01554-L-1 |
| v. | |
| RAMON MARTINEZ-ALCAZAR, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Argued and Submitted August 2, 2016
Pasadena, California

Before: REINHARDT, KOZINSKI, and WARDLAW, Circuit Judges.

Martinez–Alcazar appeals his conviction for the importation of heroin in violation of 21 U.S.C. §§ 952 and 960, contending that the district court abused its discretion under Federal Rule of Evidence 404(b) by admitting character evidence and that this admission prejudiced him.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.  Martinez-Alcazar argues that the government's prior–act evidence was inadmissible character evidence because it did not describe a prior smuggling action that was sufficiently similar to the one at issue in this trial. The prior act, however, was sufficiently similar for the district court not to have abused its discretion by admitting the evidence. In both the prior act and the smuggling at issue in this case, the defendant drove a recently purchased car, with his wife in the passenger seat, in which law enforcement found a secret compartment in the vehicle. We repeatedly have admitted into evidence prior acts, such as the one in this case, under Rule 404(b) to show knowledge when both the prior act and the present act involved secret compartments and the defendant claimed as a defense to the crime at issue that he lacked knowledge of such a compartment. *See, e.g., United States v. Bibo-Rodriguez*, 922 F.2d 1398, 1402 (9th Cir. 1991); *United States v. Castro–Castro*, 464 F.2d 336, 337 (9th Cir. 1972); *United States v. Escobedo*, No. 98-50059, 1999 WL 637927 (9th Cir. Aug. 20, 1999); *United States v. Ramirez–Ozuna*, No. 96-50601, 1997 WL 415339 (9th Cir. July 24, 1997). Moreover, although the two acts in this case were a decade apart, we have held that district courts do not abuse their discretion when admitting decade old evidence. *See United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005); *United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997); *United States v. Spillone*, 879 F.2d 514, 519 (9th Cir. 1989); *United States v. Ross*, 886 F.2d 264,

267 (9th Cir. 1989). We note, however, that any prior act as remote in time as a decade is suspect as improper character evidence and that the district court also would not have abused its discretion if it had found the prior–act evidence to be inadmissible.

2. Even if the district court had erred, Martinez-Alcazar would not have been able to show prejudice. *United States v. Chase*, 340 F.3d 978, 993 (9th Cir. 2003) (en banc). "To meet that standard, the government must show a fair assurance that the verdict was not substantially swayed by the error." *Id.* (quoting *United States v. Bauer*, 132 F.3d 504, 510 (9th Cir.1997)). Here, there is a "fair assurance" that the jury would have convicted Martinez–Alcazar even without the disputed evidence, given the weakness of his defense. Martinez–Alcazar contends that he and his wife drove about 1,000 miles one way for a dental appointment which never took place and that he did not know about a secret compartment in his car, even though an expert testified that it would be immediately noticeable to any driver going over approximately 10 miles per hour. His main theory is that he left the car in a parking lot in Mexico, where smugglers tampered with it and hid drugs inside it, on the assumption that Martinez–Alcazar would drive the car back across the border and that they could then retrieve the drugs somewhere in the United States without his knowledge. Given the implausibility of this defense, any error in admitting the disputed evidence would have been harmless.

3

**AFFIRMED.**