[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14423
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:10-cr-80069-WJZ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus


GILBERTO JORDAN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 30, 2011)

Before TJOFLAT, CARNES and BLACK, Circuit Judges.

PER CURIAM:

Gilberto Jordan appeals his 120-month sentence, imposed above his applicable guidelines range of 0 to 6 months, after pleading guilty to unlawful procurement of citizenship in violation of 18 U.S.C. § 1425. On appeal, Jordan argues the district court's elevation of his sentence to the statutory maximum of 120 months was unreasonable. The district court imposed the statutory maximum based on an upward departure under U.S.S.G. § 5K2.0(a), and stated it would have imposed the same sentence under an upward variance. We affirm Jordan's sentence on the basis of an upward departure, and thus need not decide whether a variance was appropriate.

Under U.S.S.G. § 5K2.0(a)(3), a district court may depart upward "in an exceptional case, even though the circumstance that forms the basis for the departure is taken into consideration in determining the guideline range, if the court determines that such circumstance is present in the offense to a degree substantially in excess of . . . that which ordinarily is involved in that kind of offense." A departure may also "be warranted in the exceptional case in which there is present a circumstance that the Commission has not identified in the guidelines but that nevertheless is relevant to determining the appropriate sentence." U.S.S.G. § 5K2.0(a)(2)(B).

We evaluate a district court's upward departure from the guidelines range using a three-step approach. *United States v. Miller*, 78 F.3d 507, 509-10 (11th Cir. 1996). "First, we review de novo the decision as to whether the guidelines adequately consider a particular factor. Second, if the factor was not adequately considered, we examine whether consideration of this factor is consistent with the goals of the Sentencing Guidelines. Finally, we review the departure for reasonableness." *Id*. at 510 (internal citations omitted). "When a sentencing court departs from the Guidelines, a reviewing court determines the reasonableness of the departure in light of the factors to be considered in imposing a sentence, as stated in 18 U.S.C. § 3553, and the reasons the district court provided for departing from the Guidelines." *United States v. Melvin*, 187 F.3d 1316, 1322–23 (11th Cir. 1999)*.

The district court did not err in departing upward to the statutory maximum.[1] First, nothing in the guidelines contemplated the particular factor relied on by the district court—concealment of Jordan's membership in the military and his participation in a massacre to fraudulently obtain United States citizenship. As the district court explained, the case was "well beyond the

---

[1] Jordan does not argue that an upward departure of any degree was impermissible, and in fact seems to concede a 16-level upward departure would have been appropriate.

heartland of the applicable guidelines," because "a case with these particular facts is virtually unprecedented." *See Melvin*, 187 F.3d at 1320 ("[D]istrict courts have an institutional advantage over appellate courts in determining whether a case is outside the heartland, and thus their decisions are entitled to substantial deference."). Second, "consideration of this factor is consistent with the goals of the Sentencing Guidelines." *Miller*, 78 F.3d at 510.[2] We have explained that upward departures under § 5K2.0(a) "are allowed for acts of misconduct not resulting in conviction, as long as those acts, whether or not relevant conduct in the section 1B1.3 sense, relate meaningfully to the offense of conviction." *United States v. Ellis*, 419 F.3d 1189, 1193 n.4 (11th Cir. 2005) (citation and emphasis omitted). By concealing his role in the murders, Jordan was able to fraudulently obtain United States citizenship and a virtual safe-haven. Third, the upward departure was reasonable. *Melvin*, 187 F.3d at 1322–23. The record indicates the court properly considered the § 3553(a) factors in determining Jordan's sentence. The district court's explanation was also sufficient to support the degree of the departure, as it is difficult to imagine "any more serious basis for immigration

---

[2] "A court should evaluate whether the departure is consistent with the goals of the guidelines, whether as part of the determination that the Commission adequately considered a factor, or as a second step." *Id.*

fraud than an individual's concealment of his prior participation in a mass murder of innocent civilians."

Because we conclude the district court did not err in imposing an upward departure to the statutory maximum, we affirm Jordan's sentence.

**AFFIRMED.**