**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50072 |
| Plaintiff - Appellee, | DC No. 5:10 cr-0049 VAP |
| v. | |
| JORGE SOSA, AKA Jorge Vinicio Sosa Orantes, AKA Sosa Orantes, AKA Jorge Sosa, Jr., AKA Jorge Vinicio, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted April 7, 2015
Pasadena, California

Before:     D.W. NELSON, TASHIMA, and CLIFTON, Circuit Judges.

   Jorge Sosa appeals his convictions under 18 U.S.C. § 1015(a) and § 1425(a)

for knowingly providing false information in a naturalization proceeding and

knowingly procuring naturalization in a manner contrary to law.  Sosa failed to

---

   *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

disclose on his naturalization application his past membership in the Guatemalan Army and his participation in serious crimes during Guatemala's long-running internal conflict. In 1982, Sosa participated in the Dos Erres massacre, during which Guatemalan soldiers killed approximately 160 civilians. We conclude that Sosa's convictions and the sentence under § 1425(a) were proper. We remand for the limited purpose of correcting a discrepancy in Sosa's concurrent sentence under § 1015(a).

**1.** Sosa first asserts that the naturalization application questions that prompted his provision of false information were fundamentally ambiguous, rendering his convictions invalid. The application asked Sosa "Have you *ever* committed a crime or offense for which you were *not* arrested?" Sosa answered "No." As applied to Sosa in this context, the question was not fundamentally ambiguous. Sosa was involved in the killing of a large number of civilians, quintessentially criminal actions that obviously fell within the heartland of the question's ambit. *Cf. United States v. Culliton*, 328 F.3d 1074, 1079-80 (9th Cir. 2003) (per curiam). Because the jury found in a special verdict that Sosa's answer to this question constituted a violation, we need not, and do not, consider whether the other application question that Sosa also challenges was fundamentally

ambiguous. *See Zant v. Stephens*, 462 U.S. 862, 897-98 (1983) (Rehnquist, J., concurring).

**2.** Next, Sosa contends that the district court gave §§ 1015(a) and 1425(a) impermissible extraterritorial effect by applying them to his actions in Guatemala. Here, however, the conduct for which Sosa was convicted – providing false answers on his naturalization application – occurred entirely within the United States. We thus reject this challenge.

**3.** Sosa next contends that the evidence supporting his convictions is legally insufficient. When reviewing for sufficiency, we "examine the evidence in the light most favorable to the government and determine whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. George*, 420 F.3d 991, 999 (9th Cir. 2005) (quoting *Jackson v. Virginia*, 433 U.S. 307, 319 (1979)). According to Sosa, the evidence at trial was insufficient to establish that his false statements were made knowingly. However, a rational juror could have inferred from the completed

application bearing Sosa's signature that Sosa's omission of his past crimes was deliberate. *Cf.* 8 C.F.R. §§ 208.3(c)(2), 1208.3(c)(2).[1]

**4.** Sosa raises an evidentiary challenge to the district court's exclusion of the cover page of a government witness' immigration record, or "A-File." Sosa sought to introduce the cover page because a handwritten note inscribed on the cover page states that in February 2009 Guatemala lifted an amnesty for soldiers involved in war crimes at Dos Erres – a fact that might suggest Sosa did not regard his actions at Dos Erres as crimes when he omitted them from the application. The district court excluded the cover page as inadmissible hearsay, but Sosa contends that this ruling was an abuse of discretion because the cover page falls into two hearsay exceptions. Neither of the two exceptions to which Sosa points is availing. Although A-Files generally are admissible under Fed. R. Evid. 803(8)'s public records exception, the handwritten note at issue here falls outside the bounds of that exception because, unlike ordinary public records, the note's reliability is questionable. *See United States v. Orellana-Blanco*, 294 F.3d 1143, 1150 (9th Cir.

---

[1]    Sosa also challenges his conviction because question (B)(8)(a) of Part 10, which asked if Sosa had ever belonged to an organization or group, did not specifically mention the military. Because, as we point out in Paragraph **1**, above, we do not rely on Sosa's answer to question (B)(8)(a) to sustain Sosa's convictions, we need not decide whether the jury rationally could have inferred that Sosa understood he was required to disclose foreign military service, *i.e.*, whether there is sufficient evidence to sustain the convictions.

2002) (noting that the public records exception "developed to admit the sundry sorts of public documents for which no serious controversy ordinarily arises about their truth"). We do not reach the contention that the cover page is admissible under Fed. R. Evid. 801(d)(2) as an admission of a party opponent because it is not known who made the notation or under what circumstances. It was, therefore, not an abuse of discretion for the district court to conclude that the A-File's cover page was inadmissible both because of its lack of reliability and because it should not be treated as an admission of a party opponent.

**5.** Sosa next argues that the district court improperly took judicial notice of the convictions in Guatemalan court of other soldiers involved at Dos Erres. The convictions were relevant under Fed. R. Evid. 401 because they helped show that the soldiers' actions at Dos Erres were criminal, which bears on whether Sosa's failure to disclose those actions on his application actually amounted to false information. Although the convictions may have had some prejudicial effect, the district court adequately limited that effect by providing a limiting instruction. *Cf. United States v. Santa-Cruz*, 48 F.3d 1118, 1119-20 (9th Cir. 1995). Our rule prohibiting the admission of the criminal convictions of co-defendants does not apply here because Sosa was tried for immigration violations, not for his actions at Dos Erres. No abuse of discretion occurred.

**6.**     Sosa contends that the prosecution committed misconduct by presenting during closing argument the theory that the soldiers at Dos Erres killed civilians in order to cover up their rape of the village's women.  Because Sosa did not raise a misconduct claim at trial, our review is for plain error.  *United States v. Wright*, 625 F.3d 583, 610 (9th Cir. 2010).  Here, the district court did not plainly err because evidence at trial suggested that the Dos Erres soldiers' orders changed around the time rapes occurred.  The government thus could have believed in good faith that the cover up theory was true.

**7.**     Sosa asserts that his sentence of 120 months' imprisonment was substantively unreasonable, given that his guidelines recommended sentence was only six to twelve months.  The district court did not abuse its discretion in imposing this sentence.  In a sentencing proceeding that covers many, many pages of the Reporter's Transcript, the district court fairly and fully covered all of the sentencing factors listed in 18 U.S.C. § 3553(a).  The crimes that Sosa lied about on his naturalization application were exceptionally heinous, making the circumstances of his offense distinct from most § 1015(a) and § 1425(a) prosecutions.  Moreover, our sister circuits have approved the imposition of identical sentences for defendants convicted of lying about similar crimes.  *See United States v. Munyenyezi*, No. 13-1950, 2015 WL 1323336, *7-*9 (1st Cir.

6

Mar. 25, 2015); *United States v. Jordan*, 432 F. App'x 950, 951 (11th Cir. 2011) (per curiam).

**8.**     Last, we note an error in Sosa's sentencing which the government agrees should be corrected.  The district court sentenced Sosa to 120 months' imprisonment for his violation of § 1015(a), and 120 months' imprisonment for violating § 1425(a), to be served concurrently.  Although the maximum sentence for violating § 1425(a) is 120 months, the maximum sentence for violating § 1015(a) is only 60 months.  We therefore remand this case to the district court so that it can correct Sosa's sentence under § 1015(a) to reflect that the statutory maximum for this offense is 60 months, not 120 months.

•  ●  •

For the foregoing reasons, we reject each of Sosa's arguments and affirm his convictions.  We also conclude that the district court did not abuse its discretion in sentencing Sosa to 120 months' imprisonment under § 1425(a).  We remand to the district court with directions to amend Sosa's sentence to reflect that his concurrent sentence under § 1015(a) is 60 months, not 120 months.

**AFFIRMED and REMANDED.**